UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **POPULAR LEASING USA, INC.,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     vs. | )    Case number 4:04cv1619 TCM |
| | ) |
| **AUSTIN AUTOMOTIVE** | ) |
| **WAREHOUSE CORP.,** | ) |
| | ) |
|     **Defendant.** | ) |

**MEMORANDUM AND ORDER**

This action is before the Court on the motion of plaintiff, Popular Leasing USA, Inc., objecting to the demand of defendant, Austin Automotive Warehouse Corporation, for a jury trial. The Case Management Order, issued in December 2004, scheduled this action for a non-jury trial on April 17, 2006. In March 2005, Defendant filed a demand for a jury trial pursuant to Federal Rules of Civil Procedure 38(b) and 81(c).[1] Plaintiff objects on the grounds that a jury trial is precluded by the Equipment Rental Agreements that are the subject of this suit.

**Background**

This case was previously before the Court on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction. The background factual allegations were set forth in the Court's Memorandum and Order ruling on that motion and will not be repeated here unless necessary.

---

[1] Rules 38(b) and 81(c) provide for time limits for requesting a trial by a jury. The parties have not addressed the timeliness of Defendant's demand for a jury trial and neither shall the Court.

At issue in that previous Memorandum was the validity of a forum selection clause in four Equipment Rental Agreements (the "Agreements") signed by Defendant's chief information officer, Gregory Perez, and by the vice-president of NorVergence, Inc. NorVergence, Inc., subsequently assigned the Agreements to Plaintiff.

The Agreements each include a paragraph captioned, in capital letters, "APPLICABLE LAW." The last sentence of this paragraph reads: "You hereby waive right to a trial by jury in any lawsuit in any way relating to this rental."

Mr. Perez avers that he did not read the Agreements prior to signing each one because NorVergence, Inc.'s representative pressed him for time.

## Discussion

"The Seventh Amendment preserves '[i]n Suits at common law, . . . the right of trial by jury.' U.S. Const. amend. VII. Fed.R.Civ.P. 38(a) preserves the right to trial by jury." **Indiana Lumbermens Mut. Ins. v. Timberland Pallet and Lumber Co.**, 195 F.3d 368, 374 (8th Cir. 1999) (alterations in original). This right to a jury trial is to be determined in federal courts "as a matter of federal law in diversity as well as other actions." **Simler v. Conner**, 372 U.S. 221, 222 (1963). Accord **Klein v. Shell Oil Co.**, 386 F.2d 659, 662 (8th Cir. 1967). Federal law indulges "every reasonable presumption" against the waiver of this fundamental right. **Burke Grain Co. v. St. Paul-Mercury Indem. Co.**, 94 F.2d 458, 462 (8th Cir. 1938). "However, it is equally well settled that a right to a jury trial may be waived[,]" including by contract. **Northwest Airlines, Inc. v. Air Line Pilots Ass'n, Int'l**, 373 F.2d 136, 142 (8th Cir. 1967). "Agreements waiving the right to trial by jury are neither illegal nor contrary to public policy." **Telum, Inc. v. E.F. Hutton Credit Corp.**, 859 F.2d

835, 837 (10th Cir. 1988). See also **Leasing Serv. Corp. v. Crane**, 804 F.2d 828, 832 (4th Cir. 1986) ("The seventh amendment right is of course a fundamental one, but it is one that can be knowingly and intentionally waived by contract.").

In its previous Order, this Court ruled that the Agreements at issue are not contracts of adhesion based on the lack of sufficient information regarding the comparable size of the two corporations affected by the Agreements, the competitive nature of the telecommunication industry, and the fact that Mr. Perez was the chief information officer for Defendant, indicating some sophistication of Defendant's company. Additionally, the Court held that regardless of whether Mr. Perez felt rushed into signing the Agreements,[2] there was no evidence that he was prevented from reading them. Under Missouri law, a signatory to an agreement is charged with reading that agreement prior to signing it. **Farmland Indus., Inc. v. Bittner**, 920 S.W.2d 581, 584 (Mo.Ct.App. 1996). See also Memorandum and Order of March 17, 2005, at pp. 10-14.

The waiver now at issue is on the second page of a two-page form agreement for rental of telecommunications equipment. A third page indicates delivery and acceptance of that agreement. The second page includes 19, separately captioned paragraphs with the majority of the provisions of the Agreement, including the "Applicable Law" paragraph with its last sentence reading that the renter, Defendant, waives its right to a trial by jury. The waiver is printed in the same small print as is the text of the other provisions. Each paragraph is separated by a blank line. Thus, the jury waiver sentence is followed by a blank

---

[2]The provisions in each form Agreement are identical.

line and is not buried in the middle of a paragraph. See **Leasing Serv. Corp.**, 804 F.2d at 833 (finding that the position of jury waiver language in the middle of the 19th line of print in the middle of a 38-line paragraph did not, by itself, negate the waiver when the parties were not "manifestly unequal" in bargaining positions and the lease was only two pages long). Cf. **National Equip. Rental, Ltd. v. Hendrix**, 565 F.2d 255, 258 (2nd Cir. 1977) (holding that a provision in a lease that the lessee waived the right to a jury trial was "buried" in a 16-clause agreement in fine print and this position, together with "gross inadequacy" in the parties' bargaining power, did not result in a knowing and intelligent waiver of the lessee's Seventh Amendment right).

For the reasons set forth in the Court's previous Memorandum and Order and for the reasons set forth above, the Court finds that Defendant waived its right to a jury trial. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion Objecting to Defendant's Demand for a Jury Trial is **GRANTED**. [Doc. 30] This case remains on the Court's non-jury docket of April 17, 2006.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of July, 2005.