# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| POPULAR LEASING USA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case number 4:04cv1619 TCM |
| ) | |
| AUSTIN AUTOMOTIVE ) | |
| WAREHOUSE CORP., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Austin Automotive Warehouse Corp. ("Defendant") to transfer venue to the United States District Court for the Eastern District of New York. [Docs. 39, 41[1]]

### Background

The background factual allegations were previously set forth in the Court's Memorandum and Order on a motion to dismiss for lack of personal jurisdiction and will not be repeated herein unless necessary.

This action has its origins in four Equipment Rental Agreements ("ERA's") between Defendant and NorVergence, Inc. NorVergence was, at all times relevant, a New Jersey corporation with its principal place of business in New Jersey. Defendant is a New York corporation. Within six months of the ERA's being signed, NorVergence assigned the ERA's to Popular Leasing USA, Inc. ("Plaintiff"), a Missouri corporation.

---

[1]The two motions differ only in that the later-filed motion has a proposed order attached.

At issue in the previously-denied motion to dismiss was a forum selection clause in each of the four ERA's. This clause provided that the agreements were to be "governed by, construed and enforced in accordance with the laws . . . of the State in which the assignee principal offices are located[.]"

Defendant requests that the case be transferred to the United States District Court for the Eastern District of New York. In support of this request, Defendant cites the following considerations. The Federal Trade Commission ("FTC") has brought an action against NorVergence in the District of New Jersey. (Def. Ex. C.) Additionally, the attorney generals for New Jersey, New York, Texas, Florida, and Illinois have either filed complaints against or are investigating NorVergence, and, in some instances, the assignments of contracts from NorVergence to Plaintiff. (Def. Group Ex. D.) Additionally, a class action in the District of New Jersey is pending in which Defendant is a member of the plaintiff-class. (Def. Ex. E; Aff. of Gregory Perez.)

In defense of Plaintiff's pending action against it for breach of agreement, Defendant is contesting the legality and enforceability of its ERA's with NorVergence. According to Defendant, eleven non-party witnesses will be called to testify at trial or will have their depositions taken. These eleven potential witnesses are listed by Defendant, and each resides in either New Jersey or New York. Additionally, ten of the witnesses listed either currently work or have worked for NorVergence. Defendant asserts that each of these eleven non-party witnesses are within 100 miles of the United States Courthouse in the Eastern District of New York and are, therefore, subject to the subpoena power of that court pursuant to Rule 45(b)(2) of the Federal Rules of Civil Procedure. Much of the evidence in this case will

be from the testimony of witnesses rather than through documents.  All of Defendant's party witnesses are located in New York.

On the other hand, Plaintiff asserts that its corporate headquarters is located in St. Louis County, Missouri, and all of the documents and records concerning the dispute with Defendant are located there.  Plaintiff alleges that it contacted each NorVergence customer, including Defendant, after the reassignments of the ERA's, and Defendant made independent representations to Plaintiff's employees about the equipment at issue.  Plaintiff names nine individuals who are employed by Plaintiff that Plaintiff anticipates will testify at trial.  All these individuals reside in the St. Louis area.

## Discussion

The Court previously found that the forum selection clause in the ERA's is valid and enforceable.  The question now is whether to transfer venue to the Eastern District of New York is proper notwithstanding this clause.

Title 28 U.S.C. § 1404(a) provides that, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Although § 1404(a) "'is intended to place discretion in the district court to adjudicate motions for transfer according to a 'individualized, case-by-case consideration of convenience and fairness,'" **Stewart Org., Inc. v. Ricoh Corp.**, 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 367 U.S. 612, 613 (1964)), "[t]he statutory language reveals three general categories of factors that courts *must* consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interest of justice," **Terra Int'l, Inc. v. Mississippi**

**Chem. Corp.**, 119 F.3d 688, 695 (8th Cir. 1997) (alteration and emphasis added). These factors "are broad generalities that take on a variety of meanings in specific cases." C. Wright, A. Miller, and E. Cooper, Federal Practice and Procedure, § 3847 (2d ed. 1986).

When considering these factors, a significant consideration is the presence of a forum-selection clause. **Stewart**, 487 U.S. at 29. See also **Terra Int'l**, 119 F.3d at 695 (finding that an applicable forum selection clause may be a "very important" factor in the overall transfer analysis). Although a forum selection clause is not dispositive, **Stewart**, 487 U.S. at 31, it is enforceable "'unless it is invalid or enforcement would be unreasonable or unjust,'" **Marano Enters. of Kansas v. Z-Teca Rests., L.P.**, 254 F.3d 753, 757 (8th Cir. 2001) (quoting Dominium Austin Partners v. Emerson, 248 F.3d 720, 726 (8th Cir. 2001)). Enforcement of a forum selection clause would be unjust "'if the *inclusion of that clause in the contract* was a product of fraud or coercion.'" **Id.** (quoting Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n.14 (1974)). On the other hand, "[s]ince it may be assumed that parties consider the inconvenience of the forum at the time they enter a contract, it is 'incumbent on the party seeking to escape his contract to show that [proceeding] in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'" **Dominium Austin Partners**, 248 F.3d at 727 (quoting M/S Breman v. Zapata Off-Shore Co., 407 U.S. 1, 18 (1972)) (first alteration added; second in original). "The fact that the contract was a form contract and that the individual clauses were not actually negotiated does not render the clause per se unenforceable." **M.B. Rests., Inc. v. CKE Rests., Inc.**, 183 F.3d 750, 753 (8th Cir. 1999) (citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593 (1991)). If found to be valid, a forum selection clause "should

receive neither dispositive consideration . . . nor no consideration . . . , but rather the consideration for which Congress provided in § 1404(a)." **Stewart**, 487 U.S. at 31. "The flexible and individualized analysis Congress prescribed in § 1404(a) thus encompasses consideration of the parties' private expression of their venue preferences." **Id.** at 29-30.

The Court is mindful when it is exercising its discretion that it is well established that the party seeking a transfer bears the burden of proving that a transfer is warranted. See **Terra Int'l**, 119 F.3d at 695; **Anheuser-Busch, Inc. v. All Sports Arena Amusement, Inc.**, 244 F. Supp.2d 1015, 1023 (E.D. Mo. 2002); **Brockman v. Sun Valley Resorts, Inc.**, 923 F. Supp. 1176, 1179 (D. Minn. 1996). See also **Anheuser-Busch, Inc. v. City Merchandise**, 176 F. Supp.2d 951, 959 (E.D. Mo. 2001) ("In considering a § 1404(a) motion, the Court must give great weight to the plaintiff's choice of a proper venue.") (Anheuser-Busch, Inc.). "This is because § 1404(a) provides for transfer 'to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient.'" **American Standard, Inc. v. Bendix Corp.**, 487 F. Supp. 254, 261 (W.D. Mo. 1980) (quoting Van Dusen, 376 U.S. at 645-46).

Convenience of Witnesses. "Probably the most important factor . . . in passing on a motion to transfer under 28 U.S.C. § 1404(a) is the convenience of the witnesses." Federal Practice and Procedure at § 3851. See also **Anheuser-Busch, Inc.**, 176 F. Supp.2d at 959 ("The primary, if not most important of [the § 1404(a) factors] is the convenience of the witnesses.") (alteration added; interim quotations omitted); **American Standard, Inc.**, 487 F. Supp. at 262 (holding to same effect). The witnesses to be considered, however, must be "substantially a part of the case itself, as they relate to the occurrence of an accident or

incident[.]" **Wilson v. Ohio River Co.**, 234 F. Supp. 283, 285 (W.D. Pa. 1964) (alteration added).

In the instant case, Defendant has identified eleven individuals from NorVergence that may or will testify in this case by deposition or by live testimony. All these individuals live within the jurisdiction of the Eastern District of New York. Plaintiff names nine individuals who may or will testify at trial. All reside in the Eastern District of Missouri. Consideration of this factor favors Defendant. Although the witnesses for Plaintiff would be just as inconvenienced should the case be transferred to the Eastern District of New York, Plaintiff's witnesses are its employees and, presumably, their appearance could more easily be secured at trial in New York than could the appearance of the former employees of NorVergence be secured at trial in Missouri by a former customer of NorVergence. These employees are not under the control of either party, and their testimony in the Eastern District of Missouri would occur only if these individuals voluntarily agreed to travel to this Court or if their testimony was secured through the use of depositions.[2] See **Popular Leasing USA, Inc. v. Terra Excavating, Inc.**, 2005 WL 1523950 at *8 (E.D. Mo. June 28, 2005) (finding no showing that non-party witnesses cited by defendant as reason for transfer to Florida could not be compelled to appear for discovery or that their testimony could not be adequately

---

[2]Plaintiff has also alleged that its employees contacted Defendant about the suitability of the equipment at issue in this suit. Plaintiff contends that through representations by Defendant, the contracts are fully integrated unambiguous documents, thereby leading to the possibility that testimony of prior negotiations between Defendant and NorVergence may be excluded. Plaintiff additionally suggests that NorVergence employees might refuse to testify on Fifth Amendment grounds due to the pending government investigation of NorVergence. The possibility that testimony of prior negotiations or the testimony of NorVergence employees might be excluded is too speculative to be of any weight in the Court's consideration of the factors relevant to a motion to transfer.

presented by deposition, "either read into the record from a transcript, or in the form of a videotaped deposition played for a jury") (interim quotations omitted).

The parties are arguing numbers in support of their respective choices of venue. The "sheer numbers of witnesses will not decide which way the convenience factor tips." **Terra Int'l**, 119 F.3d at 696 (citations omitted). As Defendant notes, however, the disputed ERA's were negotiated in the Eastern District of New York and were to be executed and performed in that district. The Court finds that the convenience of the witness factor weighs slightly in favor of Defendant, although this factor is not as controlling as Defendant advocates.

Convenience of Parties. This factor does not favor either side. It would be more convenient for Plaintiff to try this case in the Eastern District of Missouri and more convenient for Defendant to try it in the Eastern District of New York.

Interest of Justice. This consideration has been defined by the Supreme Court as follows.

> "Factors of public interest also have [a] place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up on congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself."

**American Dredging Co. v. Miller**, 510 U.S. 443, 448-49 (1994) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)) (alteration in original).

Included in this factor are such considerations as the availability of judicial process to compel testimony from hostile witnesses, the governing law, the relative ease of access to sources of proof, the possibility of delay and prejudice if a transfer is granted, and the practical considerations of cost and efficiency. **Anheuser-Busch, Inc.**, 176 F. Supp.2d at 959. Accord **Jones v. GNC Franchising., Inc.**, 211 F.3d 495, 498-99 (9th Cir. 2000); **Choice Equip. Sales, Inc. v. Captain Lee Towing, L.L.C.**, 43 F. Supp.2d 749, 754 (S.D. Tex. 1999); **American Standard, Inc.**, 487 F. Supp. at 264.

There is no suggestion that a hostile witness will be called by either side although Plaintiff argues that the NorVergence witnesses will most likely refuse to testify. (See Footnote 2 above.) The ERA's contain a choice of law provision, and, if enforced, Missouri law will govern the case. The Court has already ruled that the waiver of the right to a jury trial will be enforced. (See Memorandum and Order dated July 27, 2005 [Doc. 26].) Moreover, this case has been pending since November 2004, and a transfer might cause an undue delay. This factor, therefore, weighs slightly in favor of the current venue.

Other Factors. In support of its motion to transfer, Defendant cites **Popular Leasing USA, Inc. v. Mednet Healthcare Technologies, Inc.**, 4:04CV1571 JCH, in which the district court in a similar case transferred venue to the District of New Jersey. That venue was found to be preferable, however, based on a pending class action in the District of New Jersey involving similar facts and parties. In the instant case, although there is a pending class action involving similar facts and parties in the District of New Jersey, Defendant seeks a change of venue to the Eastern District of New York. Additionally, in **Mednet**, the court found that the nonmoving party only generally alleged that the file

- 8 -

documents and witnesses were in the St. Louis area. In the instant case, Plaintiff specifically lists witnesses and the residences and the specific areas these potential witnesses will direct their testimony.

The Court finds that the consideration of the foregoing factors does not so favor Defendant as to outweigh the significance of the agreed-upon forum selection clause. See **Terra Int'l**, 119 F.3d at 697. "To reiterate, a forum selection clause is 'a significant factor that figures centrally in the district court's calculus' in a motion to transfer . . . and § 1404(a) accords the district court much discretion in deciding such motions." **Id.** (quoting Stewart, 487 U.S. at 29).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant Austin Automotive Warehouse Corporation's motion to transfer venue is **DENIED**. [Docs. 39, 41]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of November, 2005